EMILIO LEDESMA MARRERO, ETC., ET AL., Plaintiffs and Appellants, *v.* BELÉN LEDESMA MARRERO, ETC., ET AL., Defendants and Appellees.

No. 12345. Decided December 18, 1961.

*Samuel R. Quiñones* and *Carlos D. Vázquez* for appellants. *Gustavo Marrero Ledesma* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Rigau.

PER CURIAM.

By public deed executed on August 20, 1924, Pablo Pons Bujosa sold to Belén Ledesma widow of Ortiz a rural property situated in the ward of Mameyes of Jayuya, known as "Unión."

The parents of the vendee, Salvador Ledesma and Carmen Marrero, died in 1937. Some fifteen years later, two brothers of vendee Belén Ledesma brought an action of revendication of undivided interests, nonexistence of contract, and other particulars against the latter and other heirs of Salvador Ledesma.

Their action was predicated on the fact that the sale which Pablo Pons made to Belén Ledesma was simulated because the real vendee was Salvador Ledesma, who paid the price of $15,000 for the property; that this sum was paid out of the $20,000 share which corresponded to Salvador Ledesma upon liquidation in 1924 of an agricultural partnership which he and Pablo Pons had constituted, and that on the date of the purchase of the said property Belén Ledesma was insolvent.

The superior court rendered judgment against the plaintiffs. It concluded that the existence of the said agricultural partnership had not been established; that Belén Ledesma

was the owner of Unión property because she had paid the price thereof to the vendor and since then had held the possession as owner.

The plaintiffs-appellants assign eleven errors, almost all of which are aimed at challenging the weighing of the evidence by the trial court. The evidence was conflicting and the trial court resolved the conflict against the plaintiffs.

We can not agree with the latter that the appellees failed to establish that there was consideration in the contract challenged, nor that the judgment is based on controvertible presumptions which ceased to have the character of presumptive truth upon being challenged, nor that the conclusion that Belén paid the price of the property out of her savings from the business is contrary to law or to the facts.

In *Lebrón* v. *F. Fresno & Co.*, 39 P.R.R. 814, cited by the appellants, it is held that under the Code every contract is presumed to have a consideration and that it is licit, unless such presumption is overcome by proof to the contrary and, likewise, that it shall be understood that no price or its equivalent exists in such contracts if the notary does not certify to its payment, or, if the contracting parties acknowledge that such payment was made prior to the execution of the deed, such fact is not established, which is what the Mortgage Law provides in its art. 40. Upon the court disbelieving the evidence for the plaintiffs, the latter failed to overcome the presumption of the existence of consideration. In order to prove the simulation, proof sufficient to satisfy the judicial conscience is required. *Núñez* v. *Rodríguez*, 51 P.R.R. 622. The evidence for the plaintiffs was somewhat confusing. Assuming, however, that the plaintiffs had offered evidence sufficient to overcome the presumption of existence of consideration, the defendant, contrary to the allegations of the appellants, introduced evidence to show that she was not insolvent and, on the contrary, that she had business from which she received income. She also explained the manner and

before whom she paid, in different instalments, the price of Unión property to vendor Pablo Pons.

The principle that all contracts whereby the debtor alienates property without good consideration are presumed to be executed in fraud of creditors, is not applicable either. Vendor Pablo Pons was not a debtor nor alienated without good consideration.

The question for decision is whether Belén Ledesma appeared in the deed of sale of Unión property as a mere dummy of Salvador Ledesma, or, on the contrary, whether she was the actual vendee in that contract. The evidence as a whole is sufficient to support the conclusion that Belén Ledesma is the true owner of the said property.

It is true that because of the lack of explanation in the record, part of the documentary evidence admits of different interpretations. We do not believe, however, that the trial judge's weighing was erroneous. For example, the appellants analyze at length the current account between Pablo Pons and Belén Ledesma to conclude that that account contains items which Pons credited to Salvador to pay off the balance of $5,000 which corresponded to the latter upon liquidation of the agricultural partnership.

In the statement of account which Pablo sent to Belén covering from August 21, 1924 to May 13, 1925, there are several items of cash delivered to Salvador Ledesma, money sent to a son of the latter, money paid to the bank, attorney's fees, deed stamps, money paid to other persons, expenses of the property, etc. It showed a balance of $3,415.43, which according to the plaintiffs represented a credit made by Pablo Pons to Salvador on account of the $5,000 which the former owed to the latter. However, in that statement of account Pablo Pons includes an item of interest on $3,359.61 from March 22 to May 13. If Pablo paid that sum to Salvador as claimed by the plaintiffs, how could Pablo collect interest on that amount which he owed? But there is something more im-

164

portant. From the statement of account it appears that the balance of $3,415.43 was paid to Pablo Pons by two checks for the total amount of $3,311.61 drawn by the firm G. Estarellas & Cía. This was the firm with which Belén Ledesma had business dealings. Hence, if the contention is that the sum of $3,311.61 represented a payment made by Pablo to Salvador, why return that sum to the debtor through payments made by G. Estarellas & Cía.? It may therefore be seen that this documentary evidence admitted of the interpretation placed by the trial court.

■ If the admission of a deed whereby Belén Ledesma acquired in 1925 another property which is not the object of this action was error, such error is unimportant and in no way affects the outcome of the litigation.

The other errors are aimed at challenging the findings of fact made by the trial court. We are not convinced that the errors were committed, or that any of them, if committed, warrants reversal of the judgment.

For the reasons stated, the judgment appealed from will be affirmed.